**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **HAROLD LEROY MCCRAY,** ) | |
| **ID # 1247199,** ) | |
| Petitioner, ) | |
| vs. ) | No. 3:12-CV-0768-P (BH) |
| ) | |
| **RICK THALER, Director,** ) | Referred to U.S. Magistrate Judge |
| **Texas Department of Criminal** ) | |
| **Justice, Correctional Institutions Division,** ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to Special Order 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, this case should be transferred to the Fifth Circuit as a successive petition.

**I.  BACKGROUND**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), challenges his Dallas County conviction for aggravated assault under 28 U.S.C. § 2254. (*See* Petition (Pet.) at 2; www.tdcj.state.tx.us. search for petitioner).  Respondent is Rick Thaler, Director of TDCJ-CID.

Petitioner was convicted of aggravated assault in Dallas County in Cause No. F03-50641 and sentenced to twenty-seven years imprisonment. (Pet. at 2).  He has unsuccessfully sought to overturn the conviction through the state appellate and habeas processes numerous times. *McCray v. State*, No. 05:04-00967-CR, 2005 WL 1983586 (Tex. App.--Dallas, Aug. 18, 2005, no pet.); *Ex parte McCray*, WR-18,030-08 (Tex. Crim. App. Oct. 4, 2006); *Ex parte McCray*, WR-18,030-09 (Tex. Crim. App. May 2, 2007); *Ex parte McCray*, WR-18,030-10 (Tex. Crim. App. July 11, 2007); *Ex parte McCray*, WR-18,030-11 (Tex. Crim. App. Sept. 12, 2007); *Ex parte McCray*, WR-18,030-

12 (Tex. Crim. App. Dec. 19, 2007); *Ex parte McCray*, WR-18,030-13 (Tex. Crim. App. Jul. 30, 2008); *Ex parte McCray*, WR-18,030-14 (Tex. Crim. App. Nov. 19, 2008); *Ex parte McCray*, WR-18,030-15 (Tex. Crim. App. Feb. 29, 2012).  One federal writ was denied on the merits.  *McCray v. Quarterman*, No. 3:07-CV-0940-D, 2007 WL 2873440 (N.D. Tex. Oct. 2, 2007).  Two federal writs were dismissed as successive.  *See McCray v. Quarterman*, No. 3:08-CV-0588-G, 2008 WL 1904418 (N.D. Tex. Apr. 29, 2008); *McCray v. Quarterman,* No. 3:08-CV-1691-M, 2008 WL 5050155 (N.D. Tex. Nov. 24, 2008).[1]  On March 13, 2012, petitioner filed two additional federal petition challenging the same conviction as in his prior federal cases – one in this case and one in *McCray v. Thaler*, 3:12-CV-767-L (N.D. Tex.).

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  They have "a continuing obligation to examine the basis for jurisdiction."  *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

A district court cannot exercise jurisdiction over a second or successive § 2254 petition without authorization from the court of appeals.  *See* 28 U.S.C. § 2244(b); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).  A petition is successive if it raises a claim that was or could have

---

[1]  Petitioner filed two other federal writs that were dismissed without prejudice for failure to exhaust state remedies.  *McCray v. Dretke*, No. 3:05-CV-1160-D, 2006 WL 1882007 (N.D. Tex. July 7, 2006); *McCray v. Quarterman*, No. 3:06-CV-2003-M, 2007 WL 707340 (N.D. Tex. Mar. 8, 2007).

been raised in an earlier petition or otherwise constitutes an abuse of the writ. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008); *Crone*, 324 F.3d at 836-37. If it essentially represents a second attack on the same conviction raised in the earlier petition, a petition is successive. *Hardemon*, 516 F.3d at 275-76 (distinguishing *Crone* because "*Crone* involved multiple § 2254 petitions attacking a single judgment").[2] A second petition is not successive if the prior petition was dismissed due to prematurity or for lack of exhaustion, however. *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (declining to construe an application as second or successive when it followed a previous dismissal due to a failure to exhaust state remedies); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998) (declining to construe an application as second or successive when it followed a previous dismissal due to prematurity, and noting the similarities of such dismissal to one based upon a failure to exhaust state remedies). Otherwise, "dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Stewart*, 523 U.S. at 645.

Here, petitioner challenges the same conviction that he challenged in his prior federal petitions. His first petition was addressed on the merits. Under *Hardemon* and *Crone*, petitioner was required to present all available claims in his first federal petition. A claim is available when it "could have been raised had the petitioner exercised due diligence." *Leonard v. Dretke*, No. 3:02-CV-0578-H, 2004 WL 741286, at *3 (N.D. Tex. Apr. 5, 2004) (recommendation of Mag. J.), *adopted by* 2004 WL 884578 (N.D. Tex. Apr. 20, 2004). The crucial question in determining availability is whether petitioner knew or should have known through the exercise of due diligence the

---

[2] Although *Crone* involved a challenge to petitioner's holding judgment of conviction followed by a challenge to post-conviction and post-sentence administrative actions that stripped him of good-time credits, *Hardemon* considered both challenges to be against "the same conviction".

facts necessary to his current claims when he filed his prior federal petition challenging the same convictions challenged in this case.

Petitioner's federal petition is successive within the meaning of 28 U.S.C. § 2244(b) because it raises claims that were or could have been raised in his initial federal petition. When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* § 2244(b)(2). Before petitioner files his application in this Court, a three-judge panel of the Fifth Circuit Court of Appeals must determine whether the application makes the requisite prima facie showing. *See id.* § 2244(b)(3)(A) and (B).

Because the Fifth Circuit has not issued an order authorizing the district court to consider this successive application for habeas relief, this Court lacks jurisdiction over this action.

### III. SANCTIONS

The order dismissing his last federal petition warned petitioner that "if he files another successive habeas petition without first obtaining leave from the Fifth Circuit Court of Appeals, he will be subject to sanctions, up to and including monetary sanctions payable to the Court and being

4

barred from filing any additional habeas actions in federal court without first obtaining permission from the Court." *McCray v. Quarterman*, No. 3:08-CV-1691-M (N.D. Tex. Nov. 24, 2008) (doc. 8). Petitioner has ignored that warning by filing two more petitions challenging his aggravated assault conviction without obtaining prior approval from the court of appeals. He should therefore be sanctioned $100.00 for filing this petition and barred from filing any additional habeas actions in federal court without first obtaining permission from the Court.

## IV. RECOMMENDATION

The petition for writ of habeas corpus under 28 U.S.C. § 2254 should be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002) and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). In addition, petitioner should be sanctioned $100.00 and barred from filing any additional habeas actions in federal court without first obtaining permission from the Court.

**SIGNED this 16th day of March, 2012.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                          IRMA CARRILLO RAMIREZ
                                                          UNITED STATES MAGISTRATE JUDGE